# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NATHAN CAFFEY,<br><br>Plaintiff,<br>*v.*<br><br>ROBBINS WRECKER SERVICES, LLC; GRAND RIVER DAM AUTHORITY POLICE; and CHEROKEE NATION DISTRICT COURT,<br><br>Defendants. | ) | Case No. 6:25-CV-332-RAW-JAR |

**REPORT AND RECOMMENDATION**

This matter comes before the court on the motions to dismiss filed by defendants Robbins Wrecker Services ("Robbins") [Dkt. 17],[1] Cherokee Nation District Court (the "CNDC") [Dkt. 21], and "Grand River Dam Authority Police" ("GRDA") [Dkt. 25], pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff Nathan Caffey, acting *pro se*, filed a combined response in opposition. [Dkt. 36]. Replies were filed by GRDA [Dkt. 40] and the CNDC [Dkt. 41].

Because plaintiff is not represented by counsel, the court construes his filings liberally and holds them to a less demanding standard than pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). That liberal construction, however, has limits: the court may not act as plaintiff's advocate, supply facts he has not pleaded, or manufacture a legal theory the complaint does not

[1] For clarity and consistency herein, when the court cites to the record, it uses the pagination and document numbers assigned by ECF.

support. *Id*. Applying that standard, and for the reasons explained below, the undersigned recommends that all three motions be GRANTED.

## I. BACKGROUND

This is the third of four federal lawsuits plaintiff has filed in this court arising from the May 30, 2025 traffic stop, towing, and impoundment of his 2014 Ford Explorer. Because the other three cases bear on the motions at issue, the court recounts them briefly. The court may take judicial notice of its own records and those of other courts. *United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007).

### A. CASE NO. 6:25-CV-216-RAW-JAR

On July 1, 2025, plaintiff, acting *pro se*, initiated Case No. 6:25-CV-216-RAW-JAR ("*Caffey I*") against GRDA, the CNDC, and Robbins. [*Caffey I*, Dkt. 1]. This court granted plaintiff's request to proceed in forma pauperis [*Caffey I*, Dkt. 7], and on August 11, 2025, United States District Judge Ronald A. White referred the matter to the undersigned for all pretrial proceedings, pursuant to 28 U.S.C. § 636. [*Caffey I*, Dkt. 11].

Plaintiff alleged that his "private automobile" was "stopped, seized, and towed" on May 30, 2025 by GRDA, "without any criminal charges, lawful warrant, or valid court order"; that each defendant gave "inconsistent and unlawful instructions" over the following month and failed to provide "lawful authority or proof of jurisdiction" for the impoundment; and that plaintiff "establish[ed] default under both UCC 1-308 and general civil procedure," thereby "reserv[ing] his rights" as a "private American national," "acting in propria persona," "sui generis," and "not as a corporate fiction or

artificial entity" [*Caffey I*, Dkt. 1 at 1-2]. He asserted claims under 42 U.S.C. § 1983 and 18 U.S.C. §§ 241, 242 for deprivation of the right to travel, the right to be secure in his property, and the right to due process before seizure, and he sought release of the vehicle, a declaration of his non-commercial status, $10,000 in compensatory damages, and punitive damages. [*Id*. at 2-3].

On August 12, 2025, this court recommended dismissal. [*Caffey I*, Dkt. 12]. The court concluded that plaintiff's sovereign citizen theories should be rejected summarily as "incompatible with the rule of law and reflect pseudo-legal rhetoric rather than justiciable claims" [*id*. at 4]; that plaintiff failed to state a claim against any defendant [*id*. at 5-7]; that he lacked Article III standing [*id*. at 7-9]; that the CNDC is entitled to absolute judicial immunity [*id*. at 9]; that *Younger v. Harris*, 401 U.S. 37 (1971) barred federal interference with any pending prosecutions [*id*.]; that the complaint was frivolous under 28 U.S.C. § 1915(e)(2)(B) [*id*. at 9-10]; and that amendment would be futile [*id*. at 11-12].

On September 5, 2025, the district court adopted that recommendation and dismissed the complaint **with prejudice** under to § 1915(e)(2)(B) and Rules 12(b)(1) and 12(b)(6). [*Caffey I*, Dkt. 14]. Judgment was entered the same day in favor of all defendants. [*Caffey I*, Dkt. 15].

### B. CASE NO. 6:25-CV-257-RAW

On July 30, 2025—while *Caffey I* remained pending—plaintiff, acting *pro se*, initiated Case No. 6:25-CV-257-RAW ("*Caffey II*") against Robbins. [*Caffey II*, Dkt. 1]. He pleaded a single replevin claim, alleging that Robbins unlawfully "towed and

seized" the Ford Explorer on May 30, 2025 at GRDA's request [*id*. at 1, ¶¶ 1, 4]; that the vehicle was withheld absent payment and "without lawful court order or contract" [*id*. at 1, ¶ 4]; that the vehicle was "not subject to forced seizure, impoundment, or commercial registration statutes" because the State of Oklahoma "is a corporate legal fiction" [*id*. at 1, ¶¶ 2, 7]; and that Robbins was "acting under color of state authority without verified delegation power, contract, or jurisdiction over the property" [*id*. at 1-2, ¶ 7].

On August 5, 2025, the district court dismissed the complaint **without prejudice** under Fed. R. Civ. P. 12(h)(3), holding that "the complaint does not establish federal question jurisdiction because it alleges only a single claim for replevin, which arises under state law," and advising plaintiff that "a re-filing in state court might provide a better opportunity for resolution on the merits." [*Caffey II*, Dkt. 6 at 2].

### C. CASE NO. 6:25-CV-332-RAW-JAR

On September 16, 2025, plaintiff, acting *pro se*, filed the present action against GRDA, the CNDC, and Robbins. [Dkt. 1]. The matter was referred to the undersigned for all pretrial proceedings under 28 U.S.C. § 636 [Dkt. 6], and this court granted plaintiff leave to proceed in formal pauperis [Dkt. 7].

The complaint is captioned "PETITION / MOTION FOR IMMEDIATE RELEASE OF PRIVATE AUTOMOBILE (WRIT OF REPLEVIN)" and bears the heading "IN THE DISTRICT COURT OF CHEROKEE NATION." [Dkt. 1 at 1]. Plaintiff signs not in his own name alone, but as "Attorney-in-Fact, Priority Creditor

[and] Authorized Representative for the Estate of NATHAN AUSTIN CAFFEY." [*Id.* at 1-2].

Plaintiff alleges that Robbins took and continues to "detain[]" his 2014 Ford Explorer "without lawful authority" [*id.* at 1, ¶ 1]; that Robbins acted as "an agent of the police department" or "agent of STATE corporation" in doing so [*id.* ¶ 7]; that defendants ignored his "timely and repeated requests for post-tow hearings and other remedies, including [insert specific dates if available]" [*id.* ¶ 2]; that the continued detention is "conversion of property" violating his "4th and 14th Amendment rights" [*id.* ¶ 3]; that the traffic charges underlying the seizure "are civil in nature" and cannot support impoundment [*id.* ¶ 5]; that defendants lack in rem, subject-matter, and personal jurisdiction over him and his property [*id.* ¶ 6]; and that the retention of the vehicle "is part of an ongoing pattern of disregard for plaintiff's due process rights" [*id.* ¶ 8]. For relief, plaintiff asks the court to order immediate release of the vehicle "without any fees or conditions," to treat the matter as an emergency, to declare any fees charged by Robbins "void and unenforceable," and to grant such other relief as is just and proper. [*Id.* at 2, ¶¶ 1-4].

### D. Case No. 6:25-CV-443-JAR

On December 11, 2026—while the present motions were pending—plaintiff, against acting *pro se*, filed a fourth action in this court, Case No. 6:25-CV-443-JAR ("*Caffey IV*"). [*Caffey IV*, Dkt. 1]. Summonses have not been issued, no defendant has been served or has appeared, and the court expresses no view on the merits of that case. The court notes it here only because it bears on the scope of the relief plaintiff

seeks in this case and on the disposition recommended below.

*Caffey IV* names a different set of defendants: the Sequoyah County Sheriff's Office, the Sheriff in his official capacity, four unidentified deputies, "Grand River Dam Authority Police," an unnamed GRDA officer, and Wildhorse Towing. [*Id*. at 1]. Unlike the complaint in this case, it expressly invokes 28 U.S.C. §§ 1331 and 1343 and pleads seven counts under 42 U.S.C. § 1983 and related theories—unlawful seizure, false arrest and false imprisonment, retaliation, denial of due process, failure to train and supervise, civil conspiracy, and a claimed "right to locomotion"—and it seeks $500,000 in damages, declaratory relief, return of the vehicle without fees, and an injunction against further arrests. [*Id*. at 1, 4-5].

The factual allegations divide into two parts. The first concerns the same May 30, 2025 seizure at issue in this case and in *Caffey I*: that GRDA officers detained plaintiff and directed a tow company to take his automobile without probable cause; that the defendants shifted blame over an alleged "hold" that never existed; that his request for a post-tow hearing, including one by certified mail on June 4, 2025, went unanswered; and that he was denied access to a "court of non-record." [*Id*. at 2-3, ¶¶ 9-18]. The second concerns events after May 30, 2025, including three subsequent arrests by Sequoyah County deputies for driving and registration offenses, a checkpoint plaintiff describes as retaliatory, and a deputy's threatened use of force. [*Id*. at 3, ¶¶ 19-25]. Those later allegations involve different actors and different occurrences and are not before the undersigned in this case.

## II. DISMISSAL STANDARD

Motions under Rule 12(b)(1) "generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004). Defendants rely on the complaint's allegations and on matters of which the court may take judicial notice, so their motions present facial attacks. The court therefore "appl[ies] the same standards under Rule 12(b)(1) that are applicable to a Rule 12(b)(6) motion to dismiss for failure to state a cause of action." *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

To survive dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the pleaded facts allow the court to draw a reasonable inference that defendants are liable for the alleged misconduct. *Id.* The court disregards legal conclusions and "[t]hreadbare recitals of the elements of a cause of action[.]" *Id.*; *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214-15 (10th Cir. 2011). The question is whether the complaint's well-pleaded factual allegations, assumed true, "plausibly give rise to an entitlement to relief." *Id.* at 679.

Finally, because plaintiff proceeds in forma pauperis, the court has an independent obligation to dismiss the action at any time if it determines that the

complaint is frivolous, fails to state a claim, or seeks relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B).

## III. DISCUSSION

Before turning to the dismissal motions, the court identifies the defects in plaintiff's complaint, both because they frame the analysis that follows and because a *pro se* litigant is entitled to understand plainly why his filing cannot proceed.

**No Statement of Jurisdiction.** Rule 8(a)(1) requires "a short and plaint statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The complaint contains none. It cites no jurisdictional statute, and unlike the complaints in *Caffey II* and *Caffey IV*, it does not even invoke 28 U.S.C. § 1331. Plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

**Wrong Court Identified.** The complaint is captioned for "THE DISTRICT COURT OF CHEROKEE NATION." A pleading filed in this court must be addressed to the United States District Court for the Eastern District of Oklahoma. *See* Fed. R. Civ. P. 10(a).

**No Identified Cause of Action.** As established, Rule 8(a)(2) requires a short and plain statement of the claim. The complaint is styled as a replevin petition but scatters references to the Fourth and Fourteenth Amendments, "conversion," and "due process" without separating them into counts, without identifying the statute that would supply a federal remedy for a constitutional violation (42 U.S.C. § 1983), and without tying any particular theory to any particular defendant. Rule 10(b)

requires claims founded on separate transactions or occurrences to be states in separate counts where doing so promotes clarity. *See* Fed. R. Civ. P. 10(b).

**No Facts Connecting Any Defendant to Any Act.** The complaint never identifies who stopped the vehicle, which officer directed the tow, what reason was given, where the stop occurred, what "traffic charges" were issued, to whom plaintiff directed his requests for a hearing, or when he made those requests. The one place where dates would matter retains the drafting placeholder "[insert specific dates if available]." [Dkt. 1 at 1, ¶ 2]. The CNDC is named but no judge, order, or proceeding is described. GRDA is referenced only generically. Robbins is alleged to have towed the vehicle at police direction, but no facts describe that arrangement.

**Legal Conclusions in Place of Facts.** The assertions that defendants acted "without lawful authority," that they "lack jurisdiction," that Robbins is an "agent of STATE corporation," and that the seizure was "targeted and pretextual" are conclusions of law, not allegations of fact. A court must disregard such conclusions in testing a complaint's sufficiency. *Iqbal*, 556 U.S. at 678-79.

**Claims Asserted on Behalf of Another.** Plaintiff sues not only in his own name but as "Attorney-in-Fact," "Priority Creditor," and "Authorized Representative for the Estate of NATHAN AUSTIN CAFFEY." This is the familiar sovereign citizen premise that a person exists separately from a capitalized "legal fiction" bearing his name. The theory has no basis in law and was rejected in *Caffey I*. *See* [*Caffey I*, Dkt. 12 at 4]. It also creates a practical obstacle: 28 U.S.C. § 1654 permits a party to appear personally or by counsel, but it does not permit a non-attorney to litigate the claims

of a separate legal entity such as an estate. To the extent the complaint asserts claims belonging to anyone other than plaintiff himself, those claims are not properly before the court.

**Emergency Relief Sought Without Any Supporting Showing.** Plaintiff asks the court to "[e]xpedite this matter as an emergency," but he has filed no motion under Fed. R. Civ. P. 65, submitted no affidavit, and made no showing of likelihood of success, irreparable harm, balance of equities, or the public interest.

**Undated and Unverified.** The signature block leaves the date blank, and the complaint bears no verification. *See* Fed. R. Civ. P. 11(a).

None of these defects, standing alone, would necessarily end the case; a *pro se* plaintiff is ordinarily given a chance to correct pleading errors. What forecloses relief here is not the form of the complaint but the substance of what it asks the court to do, which the court next addresses.

### A. THE COURT LACKS SUBJECT MATTER JURISDICTION

Subject matter jurisdiction is the threshold question, and the court must resolve it before reaching the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). If it is absent, the court must dismiss. Fed. R. Civ. P. 12(h)(3).

**No Federal Question.** Stripped of its rhetoric, the complaint pleads what its title says it pleads: a writ of replevin seeking return of a vehicle and a declaration that towing and storage fees are unenforceable. Replevin is a creature of state law, codified in Oklahoma at 12 O.S. § 1571 *et seq*. It is not a federal cause of action, and a complaint alleging only replevin does not invoke § 1331. *See Magnifi Fin. Credit*

*Union v. Paczkowski*, No. 25-CV-708-PJS-DJF, 2025 WL 782529, at *3 (D. Minn. 2025). The district court so held on these same facts in *Caffey II*. *See* [*Caffey II*, Dkt. 6 at 2].

Plaintiff's scattered references to the Fourth and Fourteenth Amendments do not change the analysis. Those Amendments do not themselves create a private right of action; a plaintiff seeking damages or equitable relief for a constitutional violation by a state actor must proceed under 42 U.S.C. § 1983. The complaint never invokes § 1983, never alleges that any defendant acted under color of state law beyond the conclusory label "agent of STATE corporation," and never identifies any individual whose conduct could be measured against a constitutional standard. A federal label attached to a state-law claim does not create federal jurisdiction. *See Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (federal question must be an essential element of the plaintiff's claim).

**No Diversity Jurisdiction.** Diversity under 28 U.S.C. § 1332 requires complete diversity of citizenship and an amount in controversy exceeding $75,000. Neither is present. Plaintiff resides in Gore, Oklahoma. Robbins is an Oklahoma limited liability company operating in Tahlequah, Oklahoma. GRDA is an Oklahoma governmental agency under 82 O.S. § 861, and a State is not a "citizen" for diversity purposes in any event. The CNDC is an arm of the Cherokee Nation, likewise located in Oklahoma. Plaintiff pleads no amount in controversy; the only property identified is a 2014 Ford Explorer, and the only monetary relief sought is the cancellation of towing and storage fees.

Because no basis for federal jurisdiction appears on the face of the complaint or could plausibly be supplied, the court lacks jurisdiction over plaintiff's replevin claim against any defendant.

### B. TRIBAL SOVEREIGN IMMUNITY INDEPENDENTLY BARS PLAINTIFF'S CLAIMS AGAINST THE CNDC

Indian tribes are "domestic dependent nations" that retain inherent sovereign authority, *Cherokee Nation v. Georgia*, 30 U.S. 1, 13, 17 (1831), including "common-law immunity from suit traditionally enjoyed by sovereign powers," *Mich. v. Bay Mills Indian Cmty.*, 572 U.S. 782, 788 (2014) (*quoting Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978)). That immunity extends to suits in federal court and may be overcome only where Congress has unequivocally authorized the suit or the tribe has expressly waived its immunity. *See Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 754-55 (1998); *Santa Clara Pueblo*, 436 U.S. at 58-59. Tribal sovereign immunity is a matter of subject matter jurisdiction and must be resolved at the outset. *E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1302-03 (10th Cir. 2001). That immunity protects not only the tribe but its arms and instrumentalities, including its courts. *See Lewis v. Clarke*, 581 U.S. 155, 161-63 (2017).

Plaintiff's allegations against the CNDC concern nothing but official tribal judicial conduct: the handling of "[c]ivil traffic infractions" and the denial of his requests for "post-tow hearings and other remedies." [Dkt. 1 at 1, ¶¶ 2, 6]. He seeks declaratory relief and the release of property on the theory that the CNDC lacks jurisdiction over him. [*Id.* ¶ 6]. Relief of that kind would operate directly against the Cherokee Nation, which is therefore the real party in interest. *See id.* at 162-63.

Plaintiff identifies no waiver by the Cherokee Nation of its immunity for replevin or related claims, and the court is aware of none. Nor has Congress abrogated tribal sovereign immunity for claims of this kind. To the extent plaintiff means to proceed under 42 U.S.C. § 1983, that statute supplies no path either: a tribe and its instrumentalities do not act under color of state law and are not "persons" subject to suit under § 1983. *See Burrell v. Armijo*, 456 F.3d 1159, 1173-74 (10th Cir. 2006). The claims against the CNDC should be dismissed for lack of jurisdiction.

Two related points warrant brief mention. First, plaintiff's insistence that the CNDC "lack[s] jurisdiction" over him is, in substance, a challenge to tribal court authority. Such a challenge ordinarily must be presented to the tribal court first; federal courts require exhaustion of tribal remedies before entertaining it. *Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 856-57 (1985); *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 16-17 (1987). Nothing in the complaint suggests plaintiff has done so. Second, to the extent and tribal proceeding concerning the traffic charges remain pending, the principles of *Younger v. Harris*, 401 U.S. 37 (1971) counsel against federal intervention in those proceedings. The court does not rest its recommendation on either ground, but both reinforce that this federal court is not the forum in which plaintiff's grievance with the CNDC can be heard.

## C. FAILURE TO STATE A CLAIM

### 1. Plaintiff States No Claim Against GRDA

GRDA moves under both Rule 12(b)(1) and Rule 12(b)(6). The jurisdictional analysis in Part I disposes of the claims against it, but two additional obstacles are

worth identifying for plaintiff's benefit.

First, plaintiff has sued "GRDA POLICE." [Dkt. 1 at 1]. The Grand River Dam Authority is a conservation and reclamation district created by the Oklahoma Legislature as "a governmental agency of the State of Oklahoma." 82 O.S. § 861. Its police department is not a separate legal entity capable of being sued in its own right. That defect could be cured by naming the correct party, but the substantive obstacles that follow could not.

Second, to the extent plaintiff seeks damages or retrospective relief from GRDA under 42 U.S.C. § 1983, a state agency is not a "person" amenable to suit under that statute, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), and an entity that is an arm of the State shares the State's Eleventh Amendment immunity from suit in federal court, *see Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). Plaintiff alleges no waiver of that immunity and identifies no congressional abrogation of it.

Third, and most fundamentally, the complaint alleges no facts about GRDA at all. It does not name an officer, describe the stop, state the basis given for the tow, identify who ordered it, or explain what process plaintiff requested and from whom. A pleading must give each defendant fair notice of what it is alleged to have done. *Twombly*, 550 U.S. at 555. Under *Iqbal*, liability is individual: "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." 556 U.S. at 677. A complaint that refers to a police agency generically, without tying any act to any actor, does not state a plausible claim.

#### 2. Plaintiff States No Claim Against Robbins

Robbins is a private towing company. The Constitution constrains governmental action, not private conduct, and § 1983 reaches a private party only where its challenged conduct is fairly attributable to the State. *Rendell-Baker v. Kohn*, 457 U.S. 830, 837-38 (1982). Plaintiff alleges that Robbins acted as "an agent of the police department." [Dkt. 1 at 1, ¶ 7]. That single conclusory phrase is the whole of the allegation. He pleads no facts about who directed the tow, under what authority, pursuant to what contract or municipal arrangement, or what discretion Robbins exercised. Merely responding to a law enforcement request does not, without more, transform a private business into a state actor. *See Marcus v. McCollum*, 394 F.3d 813, 818-19 (10th Cir. 2004).

Plaintiff's remaining theory against Robbins—that the towing and storage fees are "void and unenforceable" because the seizure was unlawful—is a state-law claim for replevin and conversion. It may well be a claim plaintiff can pursue. It simply cannot be pursued here, for the reasons stated in Part I, and the district court has twice told him so. *See* [*Caffey I*, Dkt. 14 at 1-2; *Caffey II*, Dkt. 6 at 2].

### D. RELATIONSHIP AMONG PLAINTIFF'S FOUR LAWSUITS

Three first three of plaintiff's federal cases arise from a single transaction or occurrence: the May 30, 2025 stop and the impoundment that followed. *Caffey IV* repleads that same event and adds later, separate incidents. That overlap carries consequences plaintiff should understand, because it is the reason the claims resolved in *Caffey I* **cannot** be brought again in federal court.

Under the doctrine of claim preclusion, a final judgment on the merits bars the parties and their privies from relitigating claims that were raised, or that could have been raised, in the earlier action. The doctrine applies where there is (1) a judgment on the merits in the earlier action, (2) identity of parties or their privies in both suits, and (4) identity of the cause of action in both suits. *Yapp v. Excel Corp.*, 186 F.3d 1222, 1225-26 (10th Cir. 1999) (*citing King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997)). For preclusion purposes, a "cause of action" is defined by the transaction from which it arises, not by the legal label the plaintiff attaches to it. A plaintiff cannot avoid a prior judgment by repleading the same events under a new theory.

*Caffey I* satisfies each element as to each defendant now before the court. The district court dismissed *Caffey I* with prejudice and entered a judgment in favor of GRDA, the CNDC, and Robbins. [*Caffey I*, Dkts. 14, 15]. And the events pleaded in this case are the events pleaded in *Caffey I*. The theory has shifted from § 1983 to replevin, and the relief requested is narrower, but the transaction is identical. On that basis, defendants are correct that plaintiff's claims are precluded.

*Caffey IV* does not alter that conclusion, and the court does not treat it as a ground for dismissal here. Its post-May 2025 arrest allegations describe separate occurrences against parties who are not before the court in this case, and no defendant in *Caffey IV* has yet been served. To the extent *Caffey IV* also repleads the May 30, 2025 seizure against GRDA, however, plaintiff should understand that the *Caffey I* judgment reaches those allegations for the reasons just stated, and that a

plaintiff may not pursue the same claim against the same defendant in two pending cases at once. *See Katz v. Gerardi*, 655 F.3d 1212, 1217-18 (10th Cir. 2011) (discussing the rule against claim splitting).

This creates a tension the court addresses directly. A dismissal for lack of subject matter jurisdiction is not an adjudication on the merits, and such a dismissal must ordinarily be entered without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216-18 (10th Cir. 2006). Where jurisdiction is absent, the court has not authority to decide whether the claim is good or bad, and that includes no authority to enter a merits-based judgment resting on preclusion. *See id.*; *Steel Co.*, 523 U.S. at 94. The court therefore does not rely on claim preclusion as the ground for dismissal. It notes the doctrine because it explains why a fifth federal complaint on these facts would meet the same fate, and because the *Caffey I* judgment remains in force regardless of how this case is resolved.

The court also notes that plaintiff filed *Caffey II* while *Caffey I* was still pending, filed this case ten days after judgment was entered in *Caffey I*, and filed *Caffey IV* while three dispositive motions were pending here. Repetitive and overlapping filings of this kind impose real costs on defendants, who must retain counsel each time, and on the court. Federal courts possess inherent authority to impose carefully tailored filing restrictions on litigants who abuse the judicial process. *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007). No party has requested such restrictions, and the court does not recommend them now. Plaintiff should understand, however, that the orderly course is to raise his federal

constitutional claims once, in a single properly pleaded case, rather than to file successive complaints on the same events.

### E. FUTILITY OF AMENDMENT

Ordinarily, a *pro se* plaintiff should be permitted to amend before his case is dismissed. Leave to amend may be denied, however, where "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing an opportunity to amend would be futile." *McKinney v. Oklahoma*, 925 F.3d 363, 365 (10th Cir. 1991) (quotation omitted); *see also Hall*, 935 F.2d at 1109-10.

As to the CNDC, amendment would be futile. Tribal sovereign immunity is not a pleading defect that better drafting can overcome. Plaintiff cannot allege a waiver that does not exist, and no set of additional facts about the towing of his vehicle would create one. The same is true of his "Estate of NATHAN AUSTIN CAFFEY" and related sovereign citizen premises, which this court has already rejected as pseudo-legal rather than justiciable. *See* [*Caffey I*, Dkt. 12 at 4].

As to GRDA and Robbins, the court recommends a different course. The jurisdictional defect identified in Part I—the absence of any federal claim—is what requires dismissal, and *Brereton* directs that such a dismissal be without prejudice. 434 F.3d at 1216-18. That disposition is **not** an invitation to refile in this court, where the same jurisdictional bar and the *Caffey I* judgment would both apply. It reflects only that this court lacks the authority to decide the merits of a state-law replevin claim. As Judge White explained to plaintiff in *Caffey II*, the appropriate forum for a

dispute about the towing and impoundment of his vehicle, and about the fees Robbins has charged, is the state district court. [*Caffey II*, Dkt. 6 at 2].

The existence of *Caffey IV* reinforces rather than undercuts that disposition. Whatever federal constitutional theory plaintiff wishes to press about the May 30, 2025 seizure, he has not attempted to plead it in a separate action that invokes 28 U.S.C. § 1331 and 42 U.S.C. § 1983 by name. Permitting an amendment here to convert a replevin petition into the § 1983 case plaintiff has filed elsewhere would duplicate that action rather than cure this one. Dismissal without prejudice as to GRDA and Robbins leaves plaintiff free to pursue his state-law remedies in state court, and it leaves the disposition of *Caffey IV* to be addressed in that case in the ordinary course once its defendants have been served.

## IV. CONCLUSION

IT IS THEREFORE RECOMMENDED that Robbins' motion to dismiss [Dkt. 17] be **GRANTED** and that plaintiff's claims against Robbins be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

IT IS FURTHER RECOMMENDED that the CNDC's motion to dismiss [Dkt. 21] be **GRANTED** and that plaintiff's claims against the CNDC be **DISMISSED with prejudice** on the ground of tribal sovereign immunity.

IT IS FURTHER RECOMMENDED that GRDA's motion to dismiss [Dkt. 25] be **GRANTED** and that plaintiff's claims against GRDA be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

The parties are herewith given fourteen (14) days from the date of the service

of this Report and Recommendation to file any objections with the Clerk of the court. Any objection and response thereto shall be limited to ten (10) pages in length, and a reply is permitted only with leave of court upon a showing of good cause. Failure to object to this Report and Recommendation within fourteen (14) days will preclude review of this decision by the district court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

DATED this 22nd day of September, 2026.

JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE